# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NUVASIVE, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 2017-0720-SG |
| PATRICK MILES, an individual, ALPHATEC HOLDINGS, INC., a Delaware Corporation, and ALPHATEC SPINE, INC., a California Corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Date Submitted: July 16, 2019
Date Decided: August 26, 2019

Philip Trainer, Jr. and Aaron P. Sayers, of ASHBY & GEDDES, Wilmington, Delaware; OF COUNSEL: Rachel B. Cowen, Michael J. Sheehan, and Emory D. Moore, Jr., of MCDERMOTT WILL & EMERY, Chicago, Illinois; Christopher W. Cardwell, of GULLET, SANFORD, ROBINSON & MARTIN, Nashville, Tennessee, *Attorneys for Plaintiff.*

Philip A. Rovner and Jonathan A. Choa, of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; OF COUNSEL: Micha Danzig, Eric J. Eastham, and Paul M. Huston, of MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO, P.C., San Diego, California, *Attorneys for Defendant Patrick Miles.*

GLASSCOCK, Vice Chancellor

Parties in jurisdiction "A" contract for services to be performed in jurisdiction "A", but provide for the contract to be construed under the laws of jurisdiction "B." Will such a contractual choice be respected?  The motivations of the parties may be as benign as importing a well-developed body of commercial law into their agreement, or may be as problematic as an attempt to contract around a fundamental public policy of the jurisdiction in which they operate.  In either event, the question involves issues of freedom of contract, public policy, and comity.

Delaware is well known as having a well-developed body of business law; for this reason, perhaps, this Court has had occasion to address this question several times.  Generally, our courts respect the parties' choice of law, as they do other contractual choices agreed to, as binding on the parties.  Repeatedly, however, the issue has been one of Delaware's respect for an individual's freedom to contract, and other jurisdictions' policy determination that the benefits of such freedom are outweighed by freedom to pursue a trade or manner of earning a living.  In other words, this jurisdiction will—within reason—allow individuals to contract away the right to pursue a trade or occupation, post-employment; in other jurisdictions— notably California—such attempts are void.  Where parties see a contractual advantage to employing a non-compete or a non-solicitation agreement in California, they may attempt to import Delaware law by contract.  That is the case in the matter now before me.

Delaware has adopted the rationale of the Restatement (Second) of Conflict of Laws, under which, if the other jurisdiction's law would apply absent the parties' contractual choice of Delaware Law, and where the application of Delaware law would frustrate a fundamental policy of the other jurisdiction, the court must weigh the interests involved. If the other jurisdiction's interest materially outweighs that of Delaware, the court must apply that jurisdiction's law, notwithstanding the parties' contractual choice of law. Such is the case, this Court has found, with respect to post-employment non-compete provisions, in light of California policy. In an earlier bench decision in this case I found, consistent with our case law, that such non-compete provisions are generally against fundamental California policy, and that California's policy interest materially exceeds Delaware's interest in freedom of contract; consequently, I applied California law, under which the non-compete provision is void.[1]

Remaining in this case is a related issue, on which the Defendant seeks summary judgment. The employment contract between Plaintiff NuVasive, Inc. ("NuVasive") and Defendant Patrick Miles, which purports to import Delaware law into a California employment relationship, prohibits not only post-employment competition with the employer, but solicitation of customers and employees as well. Are these post-employment non-solicitation contractual provisions so inimical to

---

[1] *See* June 7, 2019 Bench Ruling.

California policy that Delaware must refrain from enforcing them, despite the parties' stated choice of the application of Delaware law? I conclude the answer is yes, as described below.

## I. BACKGROUND

The relevant factual background is short. The facts in this matter are laid out in more detail in my Memorandum Opinion in this matter issued on September 28, 2018.[2]

### A. Miles' Employment Agreement

On September 11, 2016, Miles entered into an employment agreement (the "Agreement") with NuVasive, a Delaware corporation doing business in California.[3] The Agreement contained a non-compete covenant and a non-solicitation covenant.[4] According to the non-solicitation covenant, "for a one year period following the termination of [Miles'] employment for any reason," he would "not hire or solicit, directly or indirectly, any former or current employees of NuVasive, its subsidiaries and/or distributors, or solicit the business of any customers, clients, medical partners . . . of NuVasive, its subsidiaries and/or distributors."[5] In other words, it was both an employee and customer non-solicitation covenant. The Agreement had a

---

[2] *NuVasive, Inc. v. Miles*, 2018 WL 4677607 (Del. Ch. Sept. 28, 2018).
[3] *See* Def.'s Br. in Support of Mot. for Partial Summ. J., Ex. A; Pl.'s Br. in Opp'n to Def. Mot. for Partial Summ. J., Ex. B [hereinafter "Employment Agreement"].
[4] Employment Agreement at 2.
[5] *Id.*

Delaware choice of law provision and a Delaware choice of forum provision.[6] Miles left NuVasive on October 1, 2017 and on October 2 he joined a purported competitor.[7] NuVasive filed its Complaint in this Court on October 10, 2017,[8] which alleged, among other things, that Miles had breached the non-compete and non-solicitation covenants of the Agreement.

*B. Procedural History*

Miles brought a Motion for Partial Summary Judgment on March 6, 2018, in which he reasoned that California law should govern the non-compete and non-solicitation covenants, under which, per Miles, both were unenforceable.[9] In a September 28, 2018 Memorandum Opinion, I denied the Motion as it related to summary judgment on the Plaintiff's claims on breach of the non-compete covenant.[10] I applied this Court's analysis in *Ascension Insurance Holdings, LLC v. Underwood*[11] of the Restatement (Second) of Conflict of Laws to the non-compete covenant in the Agreement.[12] I found that enforcement of the covenant would not violate the fundamental policy of California because this particular covenant

---

[6] *Id.* at 3.
[7] *NuVasive*, 2018 WL 4677607, at *2.
[8] D.I. 1. On June 27, 2018, I granted NuVasive's Motion for Leave to file an Amended Complaint; NuVasive filed its Amended Complaint on June 28, 2018, which added Alphatec Holdings, Inc. and Alphatec Spine, Inc. as Defendants. *See* June 27, 2018 Oral Argument 29:17–30:20; D.I. 105.
[9] *See* D.I. 36; Def.'s Br. in Support of Mot. for Partial Summ. J.
[10] *NuVasive*, 2018 WL 4677607, at *7.
[11] 2015 WL 356002 (Del. Ch. Jan. 28, 2015).
[12] *NuVasive*, 2018 WL 4677607, at *3.

appeared to fit into a statutory exception to California's general prohibition on non-compete covenants, under which non-compete clauses in employment contracts negotiated by counsel for the employee were enforceable.[13]  I assumed, without deciding, that Miles' counsel had negotiated the agreement.[14]  The Delaware choice of law provision in the Agreement was therefore not inconsistent with California policy, and enforceable.[15]  I did not, however, in the September 28, 2018 Memorandum Opinion make a determination on the non-solicitation covenant because it appeared, at that point in time at least, that California law was unclear on the enforceability of non-solicitation covenants.[16]

On February 6, 2019, Miles filed a Renewed Motion for Summary Judgment and pointed to persuasive evidence of record that he had not been represented by counsel during negotiation of the Agreement, and that therefore the statutory exception in California law to California's general prohibition on non-compete covenants had not in fact been implicated.[17]  In a Bench Ruling on June 7, 2019, I returned to the *Ascension* analysis with that factual clarification, found that the Delaware choice of law provision was unenforceable and that California law should apply, and granted the Renewed Motion as it pertained to the Plaintiff's claims

---

[13] *Id.* at *4–6.
[14] *Id.* at *2 n.6.
[15] *Id.* at *7.
[16] *Id.* at *3.  I also noted there appeared to be some factual dispute.  *Id.*
[17] D.I. 179.

related to Miles' alleged breach of the non-compete covenant.[18] Miles had also renewed his initial Motion as to the non-solicitation claims brought by the Plaintiff, arguing that the law had been clarified as to California's public policy. I requested supplemental briefing on only that issue.[19] Supplemental briefing was completed on July 16, 2019 and I considered the matter submitted for decision as of that date.

## II. ANALYSIS

The Restatement (Second) of Conflict of Laws analysis performed in *Ascension* is, I find, the proper lens with which to view the non-solicitation covenant in the Agreement,[20] and whether the Delaware choice-of-law provision in the Agreement is enforceable as to that covenant. The Restatement, as explained in *Ascension*, requires the following analysis in determining choice of law. If (1) California law would apply absent the Delaware choice of law provision, and if (2) enforcement of the non-solicitation covenant would conflict with California fundamental policy, and if (3) California has a materially greater interest in enforcement of the covenant than does Delaware, California law would apply to the Agreement here, despite the Delaware choice of law provision.[21] As I explained in my September 28, 2018 Memorandum Opinion, California has the strongest contacts

---

[18] June 7, 2019 Bench Ruling, at 3:15–8:20.
[19] *Id.* at 8:21–9:23.
[20] Restatement (Second) of Conflict of Laws § 187 (1971).
[21] *Ascension Ins. Hldgs., LLC v. Underwood*, 2015 WL 356002, at *2 (Del. Ch. Jan. 28, 2015).

6

to the Agreement and absent the choice of law provision, California law would apply.[22]  I must then consider whether enforcement of the non-solicitation covenant would conflict with the "fundamental policy" of California, and, if so, whether California has a materially greater interest in enforcement of the Agreement than Delaware.

### A. The Fundamental Policy of California on Non-Solicitation Covenants

The non-solicitation covenant in the Agreement covers a one year post-employment period.  It bars Miles' solicitation of both NuVasive's employees and customers.  The parties appear to agree that the fundamental policy of California regarding non-solicitation covenants (if any) is reflected in California's Business and Professions Code Section 16600 ("Section 16600"), as interpreted and applied in California case law.[23]  Section 16600 reads "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."[24]  That provision, as explained

---

[22] *NuVasive, Inc. v. Miles*, 2018 WL 4677607, at \*5 (Del. Ch. Sept. 28, 2018) (applying Restatement (Second) of Conflict of Laws § 188 (1971) to determine which state has the strongest contacts to the Agreement).

[23] Pl.'s Suppl. Mem. Regarding Cal. law Permitting Emp. Non-Solicitation Agreement [hereinafter Pl.'s Suppl. Mem.], at 2 ("[Section 16600] merely prohibits non-competition agreements.  It does not apply to employee non-solicitation agreements."); Def. Patrick Miles' Suppl. Br. in Support of Mot. for Summ. J. Addressing the Unenforceability of Emp. Non-Solicitation Agreements Under Cal. law [hereinafter Def.'s Suppl. Mem.], at 5 ("Miles focuses herein on the reasons why the employee non-solicitation provision is also void under Section 16600, as confirmed by *AMN Healthcare* and all subsequent California decisions.").

[24] Cal. Bus. & Prof. Code § 16600 (West).

7

above, prohibits covenants not to compete. I find, based on California precedent, that it applies to non-solicitation provisions as well.

### 1. Customer Non-Solicitation Covenants Conflict with the Fundamental Policy of California

In its supplemental briefing, NuVasive fails to address customer non-solicitation covenants.[25] Miles, helpfully, points to the California Supreme Court's 2008 decision in *Edwards v. Arthur Anderson LLP*, holding that customer non-solicitation covenants are restraints on individuals' engagement in their lawful profession, and thus prohibited by Section 16600.[26] Therefore, I find that customer non-solicitation covenants conflict with California fundamental policy.

### 2. Employee Non-Solicitation Covenants Conflict with the Fundamental Policy of California

The California Supreme Court in *Edwards* wrote that "[u]nder [Section 16600's] plain meaning . . . an employer cannot by contract restrain a former employee from engaging in his or her profession, trade, or business unless the

---

[25] *See* Pl.'s Suppl. Mem.; *see also* Pl.'s Opp'n to Def. Patrick Miles' Renewed Mot. for Partial Summ. J.

[26] 189 P. 3d 285, 292 (Cal. 2008). In *Edwards*, a plaintiff challenged two clauses in his employment agreement, one prohibited him from "performing professional services of the type he provided while at [the defendant], for any client on whose account he had worked during the 18 months prior to his termination," and the other prohibited him from "soliciting," defined as "providing professional services to any client of [the defendant's] Los Angeles office." *Id.* (citations omitted). The California Supreme Court concluded that the "noncompetition agreement was invalid," and wrote that "the agreement restricted [the plaintiff] from performing work for [the defendant's] Los Angeles clients and therefore restricted his ability to practice his accounting profession . . . and was therefore invalid because it restrained his ability to practice his profession." *Id.*

agreement falls within one of the exceptions to the rule."[27]  The court in *Edwards* was not, however, presented with a covenant prohibiting solicitation of the employer's *employees*.[28]  NuVasive points to three California Federal District Court opinions which upheld employee non-solicitation covenants post-*Edwards*.[29]  Miles, however, points to a subsequent California Court of Appeal's decision, which holds that employee non-solicitation covenants are generally void under Section 16600.[30] That case, *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, was decided by the California Court of Appeal on November 1, 2018,[31] after I issued my September 28, 2018 Memorandum Opinion (which noted that California law appeared unclear on the enforceability of non-solicitation covenants).  Miles further points to California Federal District Court cases decided post-*AMN Healthcare*, which rely

---

[27] *Id.* at 291.  The Plaintiff acknowledges, at least, that *Edwards* "confirmed California's blanket rule against non-competes."  Pl.'s Suppl. Mem., at 2.

[28] *See Edwards*, 189 P. 3d at 291 n.4; *see also AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 239 Cal. Rptr. 3d 577, at 589 (Cal. Ct. App. 2018).

[29] *See* Pl.'s Suppl. Mem., at 4–5 (citing *Sonic Auto., Inc. v. Younis*, 2015 WL 13344624, at *2 (C.D. Cal. May 5, 2015), *Sunbelt Rentals, Inc. v. Victor*, 2014 WL 492364, at *9 (N.D. Cal. Feb. 5, 2014), and *Thomas Weisel Partners LLC v. BNP Paribas*, 2010 WL 546497, at *6 (N.D. Cal. Feb. 10, 2010)).  NuVasive has also cited case law from "states with similar statutes" to California to support the viability of employee non-solicitation covenants under California law.  Pl.'s Suppl. Mem., at 5–6.  These cases are inapt; I am not opining as to the proper construction of California law, by extension of interpretations of similar laws in other states; I am attempting to determine what California's fundamental policy *is*, based on California statute and case law.

[30] *See* Def.'s Suppl. Mem.; *see also* Def. Patrick Miles' Opening Br. in Support of His Renewed Mot. for Partial Summ. J., at 21–28.

[31] 239 Cal. Rptr. 3d 577 (Cal. Ct. App. 2018).

on *AMN Healthcare* for the proposition that employee non-solicitation covenants are generally void under Section 16600.[32]

In *AMN Healthcare*, the individual defendants worked as "travel nurse recruiters" for the plaintiff, that is they recruited healthcare professionals to work on a temporary basis at medical care facilities throughout the United States.[33] The recruited healthcare professionals were "deemed to be [employees] of [the plaintiff] while on temporary assignment through [the plaintiff]."[34] The defendant recruiters had, as a condition of employment with the plaintiff, agreed for a period of time after their termination not to solicit employees of the plaintiff to leave plaintiff's employ.[35] Nonetheless, the defendant recruiters left the plaintiff for a competitor and allegedly contacted healthcare professionals they had previously recruited, employed by the plaintiff, and solicited those healthcare professionals to join them at their new employer.[36]

The California Court of Appeal in *AMN Healthcare* found that the non-solicitation provisions were void. The *AMN Healthcare* court noted that California had long ago split with the common law of other states, which allowed for "reasonable" restraints on trade, in favor of a broad prohibition on restraints, with

---

[32] *See* Def.'s Suppl. Mem., at 9–11 (citing *Barker v. Insight Glob., LLC*, 2019 WL 176260 (N.D. Cal. Jan. 11, 2019) and *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834 (N.D. Cal. 2019)).
[33] *AMN Healthcare*, 239 Cal. Rptr. 3d at 580–81.
[34] *Id.* at 581.
[35] *Id.* at 583.
[36] *Id.* at 583–84.

10

certain limited exceptions.[37]  According to the California Court of Appeal, "Section 16600 expresses California's strong public policy of protecting the right of its citizens to pursue any lawful employment and enterprise of their choice."[38]  The court then grappled with its own precedent.

In *Loral Corp. v. Moyes*,[39] a 1985 decision by the California Court of Appeal, a "noninterference" covenant that prevented a former executive from "raiding" his former employer was found on its face not to be void under Section 16600 after the court applied a reasonableness standard and found the restraint to be no more significant "than a restraint on solicitation of customers or disclosure of confidential information."[40]  *Moyes* was decided before *Edwards*, and the California Court of Appeal in *AMN Healthcare* expressed doubt on "the continuing viability of *Moyes* post-*Edwards*," because the California Supreme Court in *Edwards* found the language of Section 16600 to be unambiguous in its use of the word "restrain."[41]

---

[37] *Id.* at 587.  "'[A]t common law and in many states, a restraint on the practice of a trade or occupation, even as applied to a former employee, is valid if reasonable[.]'  However, California long ago rejected the so-called 'rule of reasonableness' when it enacted Civil Code former sections 1673 through 1675, the predecessor sections to Business and Professions Code sections 16600 through 16602.  'At least since 1872, a noncompetition agreement has been void unless specifically authorized by sections 16601 or 16602.'  These legislative enactments 'settled public policy in favor of open competition, and rejected the common law "rule of reasonableness," [and] [t]oday in California, covenants not to compete are void, subject to several exceptions.'" *Id.* (quoting *The Ret. Grp. v. Galante 98 Cal. Rptr. 3d 585, 589–90* (Cal. Ct. App. 2009) (quoting *Bosley Med. Grp. v. Abramson*, 207 Cal. Rptr. 477, 480 (Cal. Ct. App. 1984); quoting *Bosley*, 207 Cal. Rptr. At 480; and quoting *Edwards v. Arthur Anderson LLP*, 189 P. 3d 285, 290 (Cal. 2008))).

[38] *Id.* (internal quotations and citations omitted).

[39] 219 Cal. Rptr. 836 (Cal. Ct. App. 1985).

[40] *Id.* at 843; *see also AMN Healthcare*, 239 Cal. Rptr. 3d at 589.

[41] *AMN Healthcare*, 239 Cal. Rptr. 3d at 589–90; *Edwards*, 189 P. 3d at 291, 293.

The *Edwards* court wrote that "if the Legislature intended the statute to apply only to restraints that were unreasonable or overbroad, it could have included language to that effect."[42] Under this reading of *Edwards*, the court in *AMN Healthcare* reasoned that the employee non-solicitation covenant was a restraint under Section 16600 and void.[43]

*AMN Healthcare*, however, noted that even if *Moyes*' reasonableness standard survived *Edwards*, the non-solicitation covenant at issue was distinguishable as the recruiters "were in the *business* of recruiting," and enforcement of the covenant would not be a reasonable restraint.[44] As a result, the court in *AMN Healthcare* found the non-solicitation covenant unenforceable based on either its analysis of *Edwards* or its application of a reasonableness standard pursuant to *Moyes*.[45] The Plaintiff argues that "*Moyes* remains good law" and that *AMN Healthcare* is distinguishable because the non-solicitation covenant at issue "was a non-compete in disguise,"[46] because as applied it banned the defendants from pursuing their trade *as recruiters*. As noted, however, California Federal District Courts have interpreted

---

[42] *AMN Healthcare*, 239 Cal. Rptr. 3d at 590 (quoting *Edwards*, 189 P. 3d at 293).
[43] *Id.* at 589–90.
[44] *Id.* at 590 (emphasis in original).
[45] *Id.*
[46] Pl.'s Suppl. Mem., at 2, 6.

12

*AMN Healthcare* to stand for the former, that is, as a general prohibition on employee non-solicitation covenants.[47]

California fundamental policy, as expressed in statute and case law, is against restraint on the pursuit of lawful professions, unless exempted by statute. The California Court of Appeal found in *Moyes* that the "noninterference" covenant was reasonable, noting that it might actually promote trade and business, and that the covenant did not prevent employees from following a former employee to a competitor, it only prevented that former employee from reaching out to his former colleagues.[48] It expressed the view that employee non-solicitation covenants were no more a restraint of competition than customer non-solicitation covenants. The California Supreme Court in *Edwards* subsequently found that the latter, however, was *itself* a prohibited restraint, as described above. *Edwards* also specifically rejected judicial employment of a "reasonableness" standard to construe Section 16600, as applied in *Moyes*.[49] It is notable that in *Edwards*, the defendant argued

---

[47] *See Barker v. Insight Glob., LLC*, 2019 WL 176260, at *3 (N.D. Cal. Jan. 11, 2019) ("Having considered the *AMN* [*Healthcare*] decision and reviewed *Loral* and *Edwards*, the Court is convinced by the reasoning in *AMN* [*Healthcare*] that California law is properly interpreted post-*Edwards* to invalidate employee nonsolicitation provisions. . . . [T]he Court is not persuaded that the secondary ruling in *AMN* [*Healthcare*] finding the nonsolicitation provision invalid under *Loral* based upon those employees' particular job duties abrogates or limits the primary holding."); *see also WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 852 (N.D. Cal. 2019).

[48] *AMN Healthcare*, 239 Cal. Rptr. 3d at 589; *Loral Corp. v. Moyes*, 219 Cal. Rptr. 836, 844 (Cal. Ct. App. 1985).

[49] *Edwards v. Arthur Anderson LLP*, 189 P. 3d 285, 290 (Cal. 2008) ("[I]n 1872 California settled public policy in favor of open competition, and rejected the common law 'rule of reasonableness,' when the Legislature enacted the Civil Code." (citations omitted)).

that Section 16600 embodied prior common law and therefore "embraces the rule of reasonableness in evaluating competitive restraints."[50] The California Supreme Court in *Edwards* (quoting the California Court of Appeal below), however, held that "[f]airly read, the foregoing authorities suggest [S]*ection 16600 embodies the original, strict common law antipathy toward restraints of trade*, while the [S]ection 16601 and 16602 exceptions incorporated the later common law 'rule of reasonableness' in instances where those exceptions apply."[51]

California statutory law embodies a "strict antipathy" towards any restraint on trade, and contractual provisions to the contrary—be they ever so reasonable—are void unless they fit within a statutory exception to that general rule. The contractual restraint on soliciting a business's employees for pursuit of trade is a restraint of trade. *AMN Healthcare* stands for the proposition that employee non-solicitation covenants present a restraint void under Section 16600. The alternative reading of *AMN Healthcare* (striking the employee non-solicitation clause as unreasonable) does not persuade me that employee non-solicitation clauses, even if reasonable, are consonant with California fundamental policy. The language in *Edwards* and, more recently, in *AMN Healthcare* as I read it, therefore supports a finding that employee

---

[50] *Id.* at 291.

[51] *Id.* at 292 (emphasis added). NuVasive has not argued that the non-solicitation covenant at issue falls into one of the statutory exceptions to Section 16600 (where a rule of reasonableness test may apply), only that the covenant is permitted by Section 16600.

14

non-solicitation covenants are a restraint of trade in violation of California fundamental policy as expressed in Section 16600.

*B. California has a Materially Greater Interest in the Enforcement of Non-Solicitation Covenants than Delaware*

I have found that both employee and customer non-solicitation covenants are against California's fundamental and "strong public policy of protecting the right of its citizens to pursue any lawful employment and enterprise of their choice."[52]   I must thus address the last step of the *Ascension* analysis: whether California has a materially greater interest than Delaware in enforcing (or precluding) non-solicitation covenants.   As in *Ascension*, I note that the contract provision at issue would be void under California law, as in violation of a specific public policy.   The Supreme Court of California has described that public policy as sufficiently strong that it must not be "diluted by judicial fiat."[53]   Delaware's interest in freedom of contract is a fundamental but general interest, and is manifestly outweighed by California's interest in overseeing conditions of employment relationships in that State.   Therefore, I find California's policy interest to substantially outweigh Delaware's interest here.

---

[52] *AMN Healthcare*, 239 Cal. Rptr. 3d at 587 (internal citations omitted).
[53] *Edwards*, 189 P. 3d at 293 (internal citation omitted).

15

## III. CONCLUSION

For the foregoing reasons, the Agreement's choice of law provision selecting Delaware law to govern the non-solicitation covenant, as with the non-compete covenant, is unenforceable. As a result, Miles' Renewed Motion for Partial Summary Judgment is granted and Miles is entitled to summary judgment to the extent that the Plaintiff's claims rest on breach of the non-compete and non-solicitation covenants in the employment agreement.[54] The parties should submit an appropriate form of order.

---

[54] Miles has also separately moved for summary judgment on the Plaintiff's breach of contract claim on the grounds that the Agreement contained a liquidated damages provision, which, per Miles, had been satisfied. D.I. 145. In my June 7, 2019 Bench Ruling, I reserved decision on that Motion because it would be mooted if Miles prevailed on summary judgment on the breach of contract claim on the grounds that the non-compete and non-solicitation covenants were unenforceable. June 7, 2019 Bench Ruling, at 10:7–17. As I am granting Miles' Renewed Motion for Partial Summary Judgment as to both the non-compete and non-solicitation covenants and therefore granting summary judgment to Miles on Count I, breach of contract, of the Amended Complaint, Miles' separate Motion for Summary Judgment on Count I is now moot.